UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BARBARA LEE TUTTLE,

                              Plaintiff,

v.                                                                         3:14-CV-00759

                                                                                     (LEK/TWD)

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| | PETER A. GORTON, ESQ. |
| LACHMAN & GORTON | |
| *Counsel for Plaintiff* | |
| 1500 E. Main Street | |
| P.O. Box 89 | |
| Endicott, New York 13761 | |
| | |
| HON. RICHARD S. HARTUNIAN | AMANDA LOCKSHIN, ESQ. |
| United States Attorney for the | Special Assistant United States Attorney |
|   Northern District of New York | |
| *Counsel for Defendant* | |
| Room 218 | |
| James T. Foley U.S. Courthouse | |
| Albany, New York 12207 | |
| | |
| OFFICE OF GENERAL COUNSEL | STEPHEN P. CONTE, ESQ. |
| Social Security Administration | Chief Counsel, Region II |
| 26 Federal Plaza, Room 3904 | |
| New York, New York 10278 | |

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## REPORT AND RECOMMENDATION

     This matter was referred to the undersigned for report and recommendation by the

Honorable Lawrence E. Kahn, Senior United States District Judge, pursuant to 28 U.S.C. §

636(b) and Northern District of New York Local Rule 72.3. This case has proceeded in accordance with General Order 18 of this Court, which sets forth the procedures to be followed when appealing a denial of Social Security benefits. Both parties have filed briefs. Oral argument was not heard. For the reasons discussed below, it is recommended that the case be remanded for further administrative proceedings consistent with this Report-Recommendation.

I. **BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff was born on February 24, 1978, and is currently thirty-seven years old. (Administrative Transcript at 38.[1]) She attended special education classes at Greene Central School but dropped out of school before earning her diploma. (T. at 39.) She attempted to earn her GED but failed the test. (T. at 219.) Plaintiff is able to drive but prefers not to drive more than fifteen or twenty minutes at a time because of back pain. (T. at 46.) Plaintiff worked in various fast food service jobs for a total of more than five years, most recently in 2007, but has not been employed since. (T. at 131, 219.) She also worked a temporary factory job for two months prior to her most recent fast food experience. (T. at 219.) Plaintiff alleges disability due to back pain, learning disability, migraine headaches, anxiety, and depression. (T. at 69.)

Plaintiff applied for supplemental security income on September 6, 2011. (T. at 16.) The application was denied on January 9, 2012. *Id.* On February 3, 2012, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). *Id.* A video hearing was held on February 12, 2013, before ALJ F. Patrick Flanagan, who issued a decision on February 19, 2013, finding that Plaintiff was not disabled. (T. at 16, 27.) Plaintiff appealed, and on March 21, 2014, the

---

[1] The Administrative Transcript is found at Dkt. No. 8. Citations to the Administrative Transcript will be referenced as "T." and the page numbers as set forth therein will be used rather than the numbers assigned by the Court's CM/ECF electronic filing system.

Appeals Council granted Plaintiff's request for review. (T. at 4.) The Appeals Council issued an unfavorable decision on May 22, 2014, which stands as the final decision of the Commissioner. (T. at 4-7.) Plaintiff commenced this action on June 23, 2014. (Dkt. No. 1.)

## II.     APPLICABLE LAW

### A.     Standard for Benefits

To be considered disabled, a plaintiff seeking disability insurance benefits or SSI disability benefits must establish that he or she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A) (2006). In addition, the plaintiff's

> physical or mental impairment or impairments [must be] of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

§ 1382c(a)(3)(B).

Acting pursuant to its statutory rulemaking authority (42 U.S.C. § 405(a)), the Social Security Administration ("SSA") promulgated regulations establishing a five-step sequential evaluation process to determine disability. 20 C.F.R. § 416.920(a)(4) (2013). Under that five-step sequential evaluation process, the decision-maker determines:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a "residual functional capacity"

assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014.) "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).

The plaintiff-claimant bears the burden of proof regarding the first four steps. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008) (quoting *Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996)). If the plaintiff-claimant meets his or her burden of proof, the burden shifts to the defendant-Commissioner at the fifth step to prove that the plaintiff-claimant is capable of working. *Id.*

B. **Scope of Review**

In reviewing a final decision of the Commissioner, a court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision. *Featherly v. Astrue*, 793 F. Supp. 2d 627, 630 (W.D.N.Y. 2011) (citations omitted); *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)). A reviewing court may not affirm an ALJ's decision if it reasonably doubts whether the proper legal standards were applied, even if the decision appears to be supported by substantial evidence. *Johnson*, 817 F.2d at 986.

A court's factual review of the Commissioner's final decision is limited to the determination of whether there is substantial evidence in the record to support the decision. 42 U.S.C. § 405(g) (2012); *Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991). An ALJ must set

forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision. *Roat v. Barnhart*, 717 F. Supp. 2d 241, 248 (N.D.N.Y. 2010)[2]; *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984). "Substantial evidence has been defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Williams ex rel. Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (citations omitted). It must be "more than a mere scintilla" of evidence scattered throughout the administrative record. *Featherly*, 793 F. Supp. 2d at 630; *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams*, 859 F.2d at 258 (citations omitted). However, a reviewing court cannot substitute its interpretation of the administrative record for that of the Commissioner if the record contains substantial support for the ALJ's decision. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972); *see also Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

### III. THE AGENCY'S DECISION

Here, the Appeals Council adopted the ALJ's conclusion that Plaintiff was not disabled.

---

[2] On Lexis, this published opinion is separated into two documents. The first is titled *Roat v. Barnhart*, 717 F. Supp. 2d 241, 2010 U.S. Dist. LEXIS 55442 (N.D.N.Y. June 7, 2010). It includes only the district judge's short decision adopting the magistrate judge's report and recommendation. The second is titled *Roat v. Comm'r of Soc. Sec.*, 717 F. Supp. 2d 241, 2010 U.S. Dist. LEXIS 55442 (N.D.N.Y. June 7, 2010). It includes only the magistrate judge's report and recommendation. Westlaw includes both the district court judge's decision and the magistrate judge's report and recommendation in one document, titled *Roat v. Barnhart*, 717 F. Supp. 2d 241 (N.D.N.Y. 2010). The Court has used the title listed by Westlaw.

(T. at 4.) This conclusion was determined at step five of the five-step analysis. (T. at 5.) The Agency found that Plaintiff had not engaged in substantial gainful activity since the application for benefits was filed. (T. at 6.) The Agency found that Plaintiff's severe impairments included borderline intellectual functioning, Grade I spondylolisthesis of L5-S1, and mild degenerative disc disease. *Id.* The Agency further found that none of the impairments met or medically equaled the severity of a listed impairment in 20 CFR Part 404, Subpart P, Appendix 1. *Id.*

The ALJ found that Plaintiff retained the residual functional capacity ("RFC") to lift and/or carry twenty pounds occasionally and ten pounds frequently, sit for six to eight hours in an eight-hour work day, and stand and/or walk for four to eight hours in an eight-hour work day. (T. at 22.) The ALJ further found that Plaintiff was able to follow and understand simple directions and instructions, perform simple tasks independently, and maintain attention and concentration. *Id.* The Appeals Council adopted these findings and further determined that Plaintiff can make simple, work-related decisions; respond appropriately to supervisors, coworkers and usual work situations; and deal with changes in a routine work setting. (T. at 5.)

Based on these determinations, the Agency found that jobs exist in the national economy in significant numbers that Plaintiff can perform and she is therefore not disabled and not entitled to any supplemental security income. *Id.*

### IV. THE PARTIES' CONTENTIONS

Plaintiff claims that the Agency erred by (1) failing to assess all severe impairments, (2) determining Plaintiff's RFC without substantial evidence to support it, and (3) finding that

Defendant sustained its burden at step five. (Dkt. No. 9 at 1.[3])

Defendant contends that the Agency's decision applied the correct legal standards and is supported by substantial evidence and thus should be affirmed. (Dkt. No. 13 at 1.)

Because the second issue is dispositive, the Court declines to address the other issues raised by Plaintiff.

## V. DISCUSSION

Plaintiff argues that the Appeals Council's RFC determination is insufficiently specific to enable meaningful review. (Dkt. No. 9 at 12.) Plaintiff is correct.

The ALJ found that Plaintiff has the RFC to:

> lift and/or carry [twenty] pounds occasionally and [ten] pounds frequently, sit for six to eight hours in an eight-hour workday, and stand and/or walk four to eight hours in an eight-hour workday. The claimant is able to follow and understand simple directions and instructions and to perform simple tasks independently. She is able to maintain attention and concentration and is [sic]

(T. at 22.) The ALJ's RFC determination stopped in the middle of a sentence. *Id.* The body of the ALJ's decision does not restate the RFC determination in any other context, so there is no explicit reference to how the ALJ intended the sentence to end. The Appeals Council adopted the ALJ's RFC determination and stated, "To complete the claimant's RFC, the Appeals Council finds that the claimant can make simple, work-related decisions; respond appropriately to supervisors, coworkers and usual work situations; and deal with changes in a routine work setting." *Id.* The Appeals Council did not cite any evidence for such a finding. Plaintiff argues that this constitutes remandable error. (Dkt. No. 9 at 12.) Plaintiff is correct.

---

[3] Page references to documents identified by docket number are to the numbers assigned by the Court's CM/ECF electronic docketing system.

A claimant's RFC is the most he can do despite his limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1) (2012). Ordinarily, RFC is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis, and the RFC assessment must include a discussion of the individual's abilities on that basis. A regular and continuing basis means eight hours a day, for five days a week, or an equivalent work schedule. *Pardee v. Astrue*, 631 F. Supp. 2d 200, 210 (N.D.N.Y. 2009) (citing *Melville v. Apfel*, 198 F.3d 45, 42 (2d Cir. 1999) (quotations omitted)).

It is the ALJ's job to determine a claimant's RFC, and not to simply agree with a physician's opinion. 20 C.F.R. 404.1546(c) (2014). In determining RFC, the ALJ can consider a variety of factors including a treating physician's or examining physician's observations of limitations, the claimant's subjective allegations of pain, physical and mental abilities, as well as the limiting effects of all impairments even those not deemed severe. 20 C.F.R. § 404.1545(a) (2014). Age, education, past work experience, and transferability of skills are vocational factors to be considered. *Martone v. Apfel*, 70 F. Supp. 2d 145, 150 (N.D.N.Y. 1999). Physical abilities are determined by evaluation of exertional and nonexertional limitations. Exertional limitations include claimant's ability to walk, stand, lift, carry, push, pull, reach, and handle. 20 C.F.R. § 404.1569a(b) (2014).

The RFC can only be established when there is substantial evidence of each physical requirement listed in the regulations. *Whittaker v. Comm'r of Soc. Sec.*, 307 F. Supp. 2d 430, 440 (N.D.N.Y. 2004) (citation omitted). In assessing RFC, the ALJ's findings must specify the functions a plaintiff is capable of performing; conclusory statements regarding plaintiff's capacities are not sufficient. *Roat v. Barnhart*, 717 F. Supp. 2d 241, 267 (N.D.N.Y. 2010)

(citation omitted).  RFC is then used to determine the particular types of work a claimant may be able to perform.  *Whittaker*, 717 F. Supp. 2d at 440.  The Second Circuit has held that "the propriety of agency action must be evaluated on the basis of stated reasons."  *Treadwell v. Schweiker*, 698 F.2d 137, 142 (2d. Cir. 1983).  Further, "crucial factors in any determination must be set forth with sufficient specificity to enable us to decide whether the determination is supported by substantial evidence."  *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984).

Here, Plaintiff argues that the Appeals Council's RFC recommendation is not supported by substantial evidence.  (Dkt. No. 9 at 12.)  Plaintiff is correct.  The RFC determination is essential to the analysis of Plaintiff's disability or lack of disability, as the RFC affects the type of work that Plaintiff may or may not be able to perform.  Fairness dictates that it be laid out with sufficient specificity.  *See Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984).

The RFC as stated by the ALJ in this case was incomplete; in fact, the text ends in the middle of a sentence.  (T. at 22.)  The Appeals Council completed the sentence in its decision: "To complete the claimant's RFC, the Appeals Council finds that the claimant can make simple work-related decisions; respond appropriately to supervisors, coworkers and usual work situations; and deal with changes in a routine work setting."  (T. at 5.)  However, the Appeals Council included no grounds for how it reached its conclusion.  (T. at 4-7.)  Defendant claims that "the Appeals Council simply completed a sentence that had been left unfinished in error" and that its decision is supported by the ALJ's explanations elsewhere.  (Dkt. No. 13 at 11.)  That may indeed be true; however, the Appeals Council's lack of explanation makes such an assertion difficult to verify.  It is equally plausible that the Appeals Council relied on some other evidence in the record to reach its conclusion, in which case more detailed explanation is still necessary.

9

Either way, the Agency's lack of explanation of its reasoning results in ambiguity that makes it impossible for a reviewing court to determine whether this conclusion is based on substantial evidence.

For these reasons, I recommend that the matter be remanded for further clarity on this issue.

**WHEREFORE,** it is hereby

**RECOMMENDED**, that this matter be remanded to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g),[4] for further proceedings consistent with the above.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: June 8, 2015
      Syracuse, New York

*Thérèse Wiley Dancks*
United States Magistrate Judge

---

[4] Sentence four reads "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).